# In the United States Court of Federal Claims

(Filed: 7 June 2021[*])
NOT FOR PUBLICATION

```
*****************************************
AMERICAN K-9 DETECTION              *
SERVICES, LLC,                      *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *   No. 20-1614
            Defendant,              *
                                    *
and                                 *
                                    *
MICHAEL STAPLETON                   *
ASSOCIATES, LTD.,                   *
                                    *
            Defendant-Intervenor.   *
                                    *
*****************************************
*****************************************
GLOBAL K9 PROTECTION GROUP, LLC,    *
                                    *
            Plaintiff,              *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *   No. 21-1165
            Defendant,              *
                                    *
and                                 *
                                    *
MICHAEL STAPLETON                   *
ASSOCIATES, LTD.,                   *
                                    *
            Defendant-Intervenor.   *
                                    *
*****************************************
```

---

[*] This Order was originally filed under seal on 28 May 2021 pursuant to the protective order in this case. The Court provided the parties the opportunity to review this Order for any proprietary, confidential, or other protected information and submit proposed redactions. On 7 June 2021, counsel confirmed no party seeks redaction of the Order. The Order is reissued with a few minor, non-substantive corrections.

**ORDER**

**I. Introduction**

      The initial complaint in this bid protest was filed on 18 November 2020. *See* Compl., ECF No. 1. The schedule for this case has been modified many times, and the government has filed three separate supplements to the administrative record. *See, e.g.* Order, ECF No. 80; Notice of Filing, ECF No. 64; Notice of Filing, ECF No. 76; Notice of Filing, ECF No. 81. The government has repeatedly declined to voluntarily stay the contract, and the Court last set a briefing schedule on 14 May 2021. *See* Order, ECF No. 74; Order, ECF No. 80. In setting previous briefing schedules, the Court recognized the "current MJAR briefing schedule . . . accommodates plaintiffs' requests for an expedited decision on the merits" and noted the effect past delays by the government have on plaintiffs' efforts to make timely filings. *Id.* at 2.

      On 19 May 2021, following an order consolidating its case with the present case, Global K9 Protection Group, LLC ("GK9") filed an "amended and restated complaint" and a motion for judgment on the administrative record. *See* Am. and Restated Compl., ECF No. 82; Global K9 Protection Group, LLC's Mot. for J. on the Administrative R. and Incorporated Br., ECF No. 83. Also on 19 May 2021, American K-9 Detection Services, LLC ("AMK9") filed a motion for judgment on the administrative record. *See* Plaiontiff's [sic] Mot. for J. on the Administrative R., ECF No. 84. On 20 May 2021, the government filed a motion to strike GK9's amended complaint and GK9 and AMK9's motions for judgment on the administrative record or, in the alternative, for a 14-day extension to the briefing schedule. *See* Def.'s Mot. to Strike Am. Compl. and Mots. for J. on the Administrative R., ECF No. 85 ("Mot. to Strike"). The Court ordered expedited briefing on the government's motion on 21 May 2021. *See* Order, ECF No. 86. AMK9 and GK9 filed responses to the government's motion to strike on 25 May 2021, and the government filed a reply in support of its motion to strike on 26 May 2021. *See* Pl. AMK9's Resp. to the Gov.'s Mot. to Strike, ECF No. 87 ("AMK9 Resp."); Global K9 Protection Group's Resp. to the U.S.' Mot. to Strike, ECF No. 89 ("GK9 Resp."); Def.'s Reply in Supp. of its Mot. to Strike, ECF No. 91 ("Gov. Reply").

**II. The Government's Motion to Strike GK9's Amended Complaint**

      In support of its motion to strike GK9's amended complaint, the government argues GK9 "did not file a motion for leave to amend its complaint . . . and did not seek consent from the other parties, including the United States, before doing so." Mot. to Strike at 5. According to the government, "GK9's amended complaint . . . is improper under the Court's rules" because "[c]onsent of the parties or leave granted by the Court is required in all cases that do not involve an amendment within 21 days of filing or prior to the filing of a responsive pleading, neither of which applies in this case." *Id.* In response to the government's motion, GK9 argues RCFC 15, which governs amendments to pleadings, "has not been consistently applied" and "some judges on the Court of Federal Claims have interpreted Rule 15(a)(1)(B) as allowing amendment as a matter of right at any time until 21 days after a responsive . . . pleading or Rule 12 motion." GK9 Resp. at 2–3 (citing *Quantum Research International, Inc. v. U.S.*, No. 17-1097, ECF No. 27 (September 19, 2017)). In the alternative GK9 states, "[t]o the extent the Court would hold that GK9 needed to seek consent from the Court, GK9 respectfully moves to amend its

complaint." GK9 Resp. at 4. In support of this request, GK9 notes its "amended complaint raised grounds GK9 discovered from reviewing the . . . administrative record." *Id*. at 2.

RCFC 15(a)(1)(B) provides: "A party may amend its pleadings once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under RCFC 12 . . . ." The government and GK9 dispute whether the language of the rule allows GK9 to file an amended complaint as of right "any time until 21 days after a responsive . . . pleading or Rule 12 motion." GK9 Resp. at 3; *see also* Mot. to Strike at 5 ("Consent of the parties or leave granted by the Court is required in all cases that do not involve an amendment to a complaint within 21 days of filing or prior to the filing of a responsive pleading, neither of which applies in this case."). If a party may not amend a pleading as of right, RCFC 15(a)(2) directs the Court to "freely give leave [to amend the pleading] when justice so requires." As GK9 notes, the amendments to its complaint simply "raise grounds discovered, for the first time, in the administrative record" based on information "GK9 could [not] have known or obtained before seeing the record." GK9 Resp. at 3–4. This court previously noted a plaintiff in a bid protest case "should be granted leave to amend its complaint to include allegations it could not have made prior to examining the administrative record."[1] *Knowledge Connections, Inc. v. U.S*., 76 Fed. Cl. 6, 18 (2007) (citing *Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1582 (Fed. Cir. 1993) (noting the federal rules "are quite permissive in permitting a party to amend its complaint to conform to the evidence and to the positions taken at trial")). The timing of GK9's amended complaint, as well as the fact GK9 did not have access to the full administrative record prior to filing its initial complaint, means plaintiff satisfies the requirement for their amended complaint either as of right or through the discretion of the Court. *See* RCFC 15(a)(1)(B) and RCFC 15(a)(2).

### III. The Government's Motion to Strike GK9 and AMK9's Motions for Judgment on the Administrative Record

In support of its motion to strike GK9 and AMK9's motions for judgment on the administrative record, the government argues AMK9's motion "brings two new arguments that were not disclosed in its second amended complaint of May 3, 2021 . . . (1) that USPS accepted a late proposal from defendant-intervenor Michael Stapleton Associates [('MSA')] [and] . . . (2) that USPS should have rejected MSA's proposal because MSA's proposal allegedly used a font size smaller than what USPS specified in response to questions from prospective bidders." Mot. to Strike at 2. According to the government, "AMK9 provided no reason in its motion why it could not have sought leave to amend its complaint again as it had previously" to include the alleged new claims, and the "omission is prejudicial to the United States because there may be other pertinent documents that were not gathered from the existing record because AMK9 had not made the new allegations." *Id*. at 3. Similarly, the government asserts "GK9 raises a new argument relating to the font size of MSA's proposal that was not disclosed in its original

---

[1] As Judge Lettow noted in *Knowledge Connections*, "in the context of a court's consideration of cross-motions for judgment on the administrative record, the 'trial' takes place on the administrative record." *See Knowledge Connections*, 76 Fed. Cl. at 17 (citing *Bannum, Inc. v. U.S*., 404 F.3d 1346, 1356 (Fed. Cir. 2005) (noting a "judgment on an administrative record is properly understood as intending to provide for an expedited trial on the record.")).

complaint" and "[t]he timing of this argument is prejudicial to the United States because there may be other documents that are pertinent to GK9's new allegations that were not gathered for the existing administrative record." *Id*. at 4.  AMK9 argues in response to the government's motion to strike:  (1) "a motion to strike must be directed to a pleading, which term has been construed narrowly by the courts" but "the government does not identify any authority in support of its motion to strike AMK9's MJAR," and (2) even if the Court were to consider the government's motion to strike, the government "cannot reasonably assert confusion [or] . . . prejudice because it was the party responsible for filing a complete administrative record." AMK9 Resp. at 2–6 (internal quotation marks and citations omitted).  GK9 responds, "[t]here is no prejudice to the government at all in having to address issues apparent on the face of the record."  GK9 Resp. at 4.  GK9 also notes the government's motion to strike is improper because "the [g]overnment seeks not to strike any defense or redundant or scandalous material, but information GK9 obtained from the [g]overnment's administrative record."  *Id.*

      This court has previously noted, "[c]ourts view motions to strike with disfavor and rarely grant them."  *Fisherman's Harvest, Inc. v. U.S.*, 74 Fed. Cl. 681, 690 (2006).  RCFC 12(f) states the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  RCFC 7(a) notes the exhaustive list of what constitutes a pleading under the RCFC, and Rule 7 does not include MJARs in the definition of a pleading.[2] This court previously found a motion to strike "must be directed to a 'pleading,' which term has been construed narrowly by the courts.  Other court documents may not be attacked by a motion to strike."  *Fisherman's Harvest*, 74 Fed. Cl. at 690 (internal citation omitted).  "[I]n particular, a motion to strike may not be used to strike another motion."  *Waltner v. U.S.*, 98 Fed. Cl. 737, 766 (2011) (quoting *Fisherman's Harvest*, 74 Fed. Cl. at 690).

      The government does not cite any authority suggesting the Court has the power to strike arguments plaintiffs raise in their MJARs or any standard under which the Court should analyze whether to strike arguments presented in an MJAR.  *See generally* Mot. to Strike; Gov. Reply.  The language of RCFC 12(f) is clear the Court may "strike from a *pleading*" certain defenses or any "redundant, immaterial, impertinent, or scandalous matter[s]."  RCFC 12(f) (emphasis added).  Even if plaintiffs' MJARs contained such "redundant, immaterial, impertinent, or scandalous matter[s]"—which the government does not specifically allege—plaintiffs' MJARs are not pleadings and therefore are not proper targets for a motion to strike.  *See* RCFC 7(a); *Fisherman's Harvest*, 74 Fed. Cl. at 690.

### IV. The Government's Request, in the Alternative, for an Additional 14 Days of Briefing

      In the alternative to its motion to strike, the government "requests that the Court extend the briefing schedule by 14 days to provide the United States Postal Service ('USPS') the opportunity to gather any documents necessary to supplement the administrative record with any documents pertaining to AMK9 and GK9's new arguments."  Mot. to Strike at 1–2.  The government argues the additional time is necessary because "[i]t is prejudicial to the United

---

[2] RCFC 7(a) states "only these pleadings are allowed":  "a complaint"; "an answer to a complaint"; "an answer to a counterclaim designated as a counterclaim"; "a reply to any offset or plea of fraud contained in the answer"; "a third-party pleading permitted under RCFC 14"; and "if the court orders one, a reply to an answer."

States to be put in the position of being required to gather new documents to supplement the record in response to [plaintiffs'] new allegations at the same time it is responding to [plaintiffs'] motion[s] for judgment on the administrative record." *Id*. at 4. With respect to AMK9's allegation MSA's submission was past the deadline, the government points specifically to an email from MSA to the contracting officer detailing a different timestamp as an example of additional evidence the government seeks to add to the administrative record. Mot. to Strike at 3–4. In response to AMK9 and GK9's allegations MSA's proposal violated the agency's guidance on the appropriate font size, the government simply claims it has "asked USPS to gather any other documents or communications relating to the specific question and answer from bidders that [plaintiffs] cite[] . . . that would pertain to [plaintiffs'] new allegations." *Id*.

The government maintains "USPS has determined that it does not agree to a voluntary stay" of proceedings of the rollout schedule for contract performance "for any events occurring after June 17, 2021." Joint Status Report, ECF No. 73 at 2–3 (government response to the Court's Order for an update on USPS's position regarding staying the rollout of contract performance). The government argued in response to plaintiffs' request for a revised schedule and a hearing on plaintiffs' motions for preliminary injunction: "if USPS does not agree to a voluntary stay . . . a hearing on plaintiffs' preliminary injunction motions should be unnecessary if the Court maintains the current briefing schedule." *Id*. at 2. Following the joint status report, the Court entered an order maintaining the "current briefing schedule" after the government argued the current schedule mitigated any need for a hearing on plaintiffs' preliminary injunction motions. Order, ECF No. 74. AMK9 notes in response to the government's motion to strike, "the government opposed plaintiffs' request for a voluntary stay that would have accommodated the government's current desire for more time." AMK9 Resp. at 7. AMK9 then reiterates, "[a]s has always been the case, if the government agrees to stay performance, AKM9 is open to agreeing to a time extension."[3] *Id.* at 8.

The Court has noted the current MJAR briefing schedule is expedited to "accommodate plaintiffs' requests for an expedited decision on the merits" and plaintiffs' past efforts to timely file their MJARs have been "impaired . . . by the government's delay in filing a complete administrative record." Order, ECF No. 74 at 2. The only specific additional evidence the government provides as an example of what it seeks to add to the administrative record justifying an additional two weeks of briefing is an email with a time stamp allegedly showing the submission of defendant-intervenor's bid before the deadline. Mot. to Strike at 2–4. The government subsequently attached this email to its reply in support of its motion to strike, suggesting it has already located the evidence it argues must be added to the administrative record. *See* Gov. Reply, Att. A, ECF No. 91-1 (a copy of the email referenced in the government's motion to strike).

The government does not provide any specific additional examples of the types of documents it would seek an additional two weeks to locate beyond "any other documents or other communications relating to the specific question and answer from bidders . . . that would pertain to [plaintiffs'] new allegations." Mot. to Strike at 4. The Federal Circuit cautioned in

---

[3] The government does not address in its reply AMK9's renewed invitation to stay performance. *See generally* Gov. Reply.

*Axiom Resource Management*, "supplementation of the record should be limited to cases in which 'the omission of extra-record evidence precludes effective judicial review." *Axiom Resource Management, Inc. v. U.S.*, 564 F.3d 1374, 1380 (Fed. Cir. 2009) (quoting *Murakami v. U.S.*, 46 Fed. Cl. 731, 735 (2000), *aff'd*, 398 F.3d 1342 (Fed. Cir. 2005)). The government has not shown how either the alleged timing or font issues would require significant documentary additions to the administrative record. Without additional detail regarding the type of documents the government seeks to supplement the record with, the Court is not in a position to determine whether to allow the government to supplement the record, let alone to determine whether the government has demonstrated prejudice if it is not allowed an additional two weeks to bring together the documents. As AMK9 notes, the administrative record "does not consist of documents the government needs to respond to AMK9's allegations," but rather "the administrative record consists of the contemporaneous documents USPS considered and relied upon in making its award decision." AMK9 Resp. at 6; *see also Kerr Contractors, Inc. v. U.S.*, 89 Fed. Cl. 312, 335 (2009), *aff'd*, 374 F. App'x 979 (Fed. Cir. 2010) ("An effective APA review . . . requires a record which contains the information relied upon by the agency as it made its decision, as well as documentation of the agency's decision-making process.").

The Supreme Court has identified "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). It has already been a week since the government first filed its motion, giving USPS and government counsel adequate time to consider any additional documents the government will seek to add to the administrative record. The Court will not extend the expedited briefing schedule—crafted in response to a refusal on the part of USPS to voluntarily stay the contract—to allow the government an additional two weeks to contemplate filing a fourth supplementation to the administrative record that may or may not include additional undefined documents related to plaintiffs' claims. *Id*. Instead, the Court maintains the briefing schedule detailed in its 14 May 2021 Order setting the deadline for the government and MSA to file their cross-motions for judgment on the administrative record as 1 June 2021. See Order, ECF No. 80. The Court is amenable, however, to a request by the government to reopen the administrative record to include any additional documents the government believes relate to plaintiffs' claims, as long as a supplement does not affect the briefing schedule and is filed on or before 2 June 2021—three days before plaintiffs' replies in support of their motions for judgment on the administrative record and responses to the government and MSA's cross-motions on the administrative record.

## V. Conclusion

For the foregoing reasons, the government's motion to strike GK9's amended complaint and to strike AMK9 and GK9's motions for judgment on the administrative record is **DENIED**.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge
